**THE DISTRICT COURT OF GUAM**

FILED
DISTRICT COURT OF GUAM
SEP 11 2026
JEANNE G. QUINATA
CLERK OF COURT

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ELI VALENTINE aka
ELIJAH MUNOZ GUEVARA,

Defendant.

CRIMINAL CASE NO. 26-00021

**TRIAL SCHEDULING ORDER**
**and**
**BRADY DISCLOSURE ORDER**

IT IS HEREBY ORDERED THAT:

- **Exchange of Discovery** shall be governed by Criminal Local Rule 16.
  - **Government Discovery due** — **September 18, 2026**
  - **Defendant's Discovery due** — **October 2, 2026**
  - **Government's Expert Witness Disclosures Due** — **October 9, 2026**
  - **Defendant's Expert Witness Disclosures Due** — **October 16, 2026**

- **All Pretrial Motions**, including but not limited to discovery, *in limine*, suppression, and dismissal motions, shall be filed no later than . . . . . . . **October 16, 2026**

  - **Opposition to all Motions** shall be filed the earlier of either one week after the filing of the motion(s) or no later than . . . . . . . . . . . . **October 23, 2026**

  - **Replies to Oppositions** shall be filed the earlier of either one week after the filing of the opposition(s) or no later than . . . . . . . . . **October 30, 2026**

  **No late motions shall be filed without court approval. Failure to timely file an opposition to a motion may be deemed by the court as consent to the granting of such motion.**

- **Trial Brief.** The Government shall file a trial brief in conformance with General Order No. 16-0002. The Government's trial brief shall be filed no later than . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **October 23, 2026**

  - **Defendant's Response/Opposition & Trial Brief** shall be filed no later than . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **October 27, 2026**

- **Trial Materials** must be filed or lodged with the court no later than . . **October 30, 2026**

  - **Witness list.** Witness lists must include legal names, aliases, nicknames, village/city of residence, and place of employment. *See also* General Order No. 16-0002.
  - **Proposed *Voir Dire* Questions, Proposed Jury Instructions with source noted, and Proposed Verdict Forms.**
  - **Exhibit list.** Government's exhibits shall be numbered and Defendant's exhibits shall be lettered. *See also* General Order No. 16-0002.
  - **Three complete sets of marked and tabbed exhibits in three-ring binders, with each binder containing a filed copy of the exhibit list.** The exhibits shall include those items which may be introduced for identification into evidence but not necessarily proffered for admission, *i.e.*, police/investigative reports or witness statements. The parties shall meet and confer sufficiently in advance of trial and formulate a set of joint exhibits. Those exhibits upon which agreement cannot be reached shall be submitted separately by each respective party. *An electronic copy of the exhibits shall also be submitted to the court.*

- **Pretrial Conference and Hearing on all Motions** shall be held on . . . . **November 6, 2026, at 9:00 a.m.**

- **Jury Selection and Trial** shall be held on . . . . . . . . . . . . . . . . . . . . . . **November 17, 2026, at 10:00 a.m.**

ORIGINAL

**Brady Disclosure Order**

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

IT IS SO ORDERED.

JOHN C. TERLAJE
Designated District Judge
September 11, 2026